# Dana Andrew LeJune ATTORNEY AT LAW
Board-Certified, Civil Trial Law, Texas Board of Legal Specialization

6525 Washington Avenue  
Suite 300  
Houston, Texas 77007-2112  
tel 713.942.9898  
fax 713.942.9899  
dlejune@triallawyers.net  
www.triallawyers.net

December 2, 2017

Mr. James Sean Griffin        *Via* Email: groo518@hotmail.com; groo518@aol.com  
Ms. Jennifer Fowlkes Griffin              james@biomasstech.com; jennifer@biomasstech.com  
10447 Sky Flower Court  
Land O Lakes, FL 34638-6942

Dear Mr. & Mrs. Griffin:

The undersigned represents David Oppenheimer with respect to copyright matters. It appears that you have been infringing a copyright-protected work of David Oppenheimer (attached) on more than twenty (20) web sites without license since at least as early as June 5, 2017, 5:56:13 PM.

More specifically, Mr. Oppenheimer's aerial image of Beech Mountain was created by David Oppenheimer who registered it with the U.S. Copyright Office (VAu 1-132-213) on March 11, 2013 (see *"Photography by David Oppenheimer from Winter of 2013"* certificate of registration, attached).

Additionally, it appears that Mr. Oppenheimer's Copyright Management Information ("CMI") was removed from the image, including both the "© 2013 David Oppenheimer" on the image itself, as well as the CMI that was originally placed within the *metadata* of the image.

Mr. Oppenheimer is delivering this CEASE AND DESIST DEMAND to you, the property owners and registrants of the domain URL SISO5350.com.

This letter is Mr. Oppenheimer's demand that you (plural) ***immediately***:

> 1. **Cease and desist from all further dissemination or distribution (including completely removing them from the all websites provided on the attached spreadsheet) of this image and all other images of Mr. Oppenheimer, and provide proof of same to the undersigned;**
>
> 2. **Lockdown and protect all print and electronically-stored information ("ESI"), including emails, as described in the Notice Concerning Retention of Potentially Relevant Documents which is attached;**
>
> 3. **Produce to the undersigned a copy of each and every brochure, flier, and all other advertising distributed or to be distributed, bearing the image, and provide same to the undersigned for destruction;**
>
> 4. **Buy back or otherwise withdraw all distributed copies of everything bearing the protected image;**

### EXHIBIT G

5. Return all remaining copies in your possession *and constructive possession,* including all tangible representations and all magnetically or optically-stored data of any kind bearing and/or storing respectively the copyrighted image, and any other of Mr. Oppenheimer's images, including but not limited to all color separations, internegatives, mechanicals, digital images, etc.;[1]

6. Tender to the undersigned a sworn itemization each and every way in which either of you employed the work, as well as any other works of Mr. Oppenheimer; and finally,

7. Give notice of this claim to the your insurance carrier (copyright infringement claims of this type are generally covered under Coverage B, the "Advertising Injury" portion of most Comprehensive General Liability Insurance Policies).

Please forward correspondence to the undersigned **within ten (10) days of receipt** of this letter indicating your intentions relating to this matter. **Absent *actual receipt* by the undersigned of such correspondence within the ten days, this demand is withdrawn; no further pre-suit notices or demands will be issued.**

Be advised that under federal copyright law each of you, as well as related entities and persons will be required to disgorge all profits attributable to the infringements, and to reimburse Mr. Oppenheimer's attorneys' fees. Alternatively, each of you may be liable for as much as $150,000 in statutory damages for infringement of this photographic work. Further, you (plural) may be liable for as much as $25,000 in statutory damages for *each iteration* from which Mr. Oppenheimer's copyright management information was removed, obscured, or replaced in violation of the Digital Millennium Copyright Act 17 U.S.C. § 1202, *et seq.* Please take note that copyright infringements of this type, whether committed by individuals or corporations, are not dischargeable in bankruptcy.

Please do not communicate directly with Mr. Oppenheimer about this matter, as doing so will be construed tortious interference with the attorney-client relationship. Rather, if you have questions or comments, please direct them to the undersigned, directly or through your attorney at the address or phone number above, during regular business hours.

---

[1] However, **do not delete *any* digital evidence or destroy any paper documents** (including but not limited to images, email, email attachments, mockups, memos other relevant or potentially relevant documents) from any of your servers, backup servers/cloud storage, desktops, laptops or smart phones. Doing so is *spoliation of evidence*, as described in the enclosed Notice Concerning Retention of Potentially Relevant Documents (**See attached**). **Instead, please immediately initiate a A***lockdown***@ of all such locations** where relevant data might reside, to prevent intentional or negligent destruction of evidence (most counsel advise clients to mirror all servers and hard drives).

**Mr. Oppenheimer looks forward to your <u>immediate attention</u> (ten days) to these matters and to a prompt, amicable resolution of this matter for all concerned.**

Very truly yours,

Dana A. LeJune

DL/nil
Attachments as noted

Page **3** of **3**

Case 1:18-cv-00272-MR   Document 1-8   Filed 09/24/18   Page 3 of 3