# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:18-cv-00272-MR

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JAMES SEAN GRIFFIN and | ) | |
| JENNIFER FOWLKES GRIFFIN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Service by Alternative Means and Request for Additional Time to Serve [Doc. 9].

## I.    PROCEDURAL BACKGROUND

On September 24, 2018, the Plaintiff David Oppenheimer ("Plaintiff"), initiated this action against the Defendants James Sean Griffin and Jennifer Fowlkes Griffin (collectively, "Defendants"). [Doc. 1]. On January 9, 2019, the Court ordered Plaintiff to show cause for his failure to effect service of the Summons and Complaint on the Defendants. [Doc. 5]. On January 23, 2019, the Plaintiff filed a response indicating that the Complaint and a request to waive service of a Summons had been sent by certified mail to the Defendants' addresses but undelivered as "Unclaimed/Being returned to

sender." [Docs. 7, 7-1]. Subsequently, the Plaintiff hired a private investigator to locate the Defendants in an effort to effectuate service. [Id.]. On February 4, 2019, the Court extended the time for Plaintiff to effectuate service of the Summons and Complaint on the Defendants by sixty (60) days. [Doc. 8]. On April 15, 2019, ten (10) days after the extended deadline, the Plaintiff filed the present motion. [Doc. 9].

## II. DISCUSSION

### A. Leave to Serve Process by Alternative Means

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by,

> following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made.

Fed. R. Civ. P. 4(e)(1). Rule 4(j)(1) of the North Carolina Rules of Civil Procedure provides that service on an individual may be accomplished by one of the following:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process

2

or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1). The North Carolina Rules of Civil Procedure also permit service on an individual by publication when the individual "cannot with due diligence be served by personal delivery, registered or certified mail, or by designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2)" and if other requirements are met. N.C. R. Civ. P. Rule 4(j1).

Here, the Plaintiff seeks permission to effectuate service on the Defendants by electronic and regular mail, in the event that contemporaneously sent certified mail is returned. Specifically, the Plaintiff contends that if the certified mail is returned, but the regular mail is not, then the Plaintiff will know Defendants received and accepted the Summons and

Complaint. [Doc. 9 at 4]. Contrary to Plaintiff's contentions, the non-return of regular mail will not convey that Defendants have actually received notice of the Summons and Complaint. Further, the Plaintiff has only attempted one method of service among the several allowed by the Federal and North Carolina Rules of Civil Procedure. As such, the Plaintiff has failed to exhaust the means of service already available and show that service by electronic and regular mail would comply with due process. Ferebee v. Excel Staffing Serv., Inc., No. 2:16-CV-8-BO, 2016 WL 7165752, at *4 (E.D.N.C. Dec. 7, 2016) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction.... But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.")). The Court, for these reasons, will therefore deny the portion of Plaintiff's motion seeking leave to serve Defendants by alternative means.

## B.   Request for Additional Time to Serve

On February 4, 2019, the Plaintiff's deadline to effectuate service of the Summons and Complaint on the Defendants was extended by sixty (60) days. [Doc. 8]. During that time, the Plaintiff hired three process servers to serve Defendants the Summons and Complaint. [Docs. 9-1, 9-2, 9-3].

Through these efforts, the Plaintiff has demonstrated diligent effort in attempting to serve the Defendants within the extended deadline. Further, the Plaintiff has demonstrated good cause for failing to effect service on the Defendants. The Court, in its discretion, will therefore extend the deadline to effectuate service on the Defendants an additional sixty (60) days from the date of entry of this Order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Service by Alternative Means and Request for Additional Time to Serve [Doc. 9] is **DENIED IN PART** and **GRANTED IN PART**. Specifically, the Plaintiff's Motion is **DENIED** to the extent leave for alternative service is sought. The Plaintiff's Motion is **GRANTED** to the extent that the Plaintiff shall have an additional sixty (60) days from the entry of this Order within which to effectuate service upon the Defendants.

**IT IS SO ORDERED.**

Signed: May 22, 2019

Martin Reidinger
United States District Judge