| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** | § § | |
| Plaintiff, | § § § § | CA No. 1:18-cv-00272-MR |
| v. | § § | |
| **JAMES SEAN GRIFFIN and JENNIFER FOWLKES GRIFFIN** | § § § | |
| Defendants. | § § § | **JURY DEMANDED** |

## DECLARATION OF DANA A. LEJUNE IN SUPPORT OF MOTION FOR ENTRY OF CLERK'S DEFAULT

| | |
|---|---|
| **STATE OF NORTH CAROLINA** | § § |
| **COUNTY OF BUNCOMBE** | § |

Dana A LeJune, first duly sworn upon oath, deposes and states as follows:

1. I am an attorney of record for Plaintiff, David Oppenheimer ("Plaintiff" or "Oppenheimer") for claims he has brought in this suit.

2. I have personal knowledge of the facts set forth in this declaration, knowledge based upon business records in my computer, as well as knowledge based upon the actions of and otherwise the participation of my staff in this suit.

3. On December 12, 2017 and August 18, 2018 I, on behalf of Oppenheimer, sent "Cease and desist" letters *via* email to Defendants which requested information about the unauthorized publication, and asked them to protect potentially relevant electronically-stored information.

4. Despite Oppenheimer's persistent and best efforts, Defendants failed to provide the requested information, or even respond to Oppenheimer's notices despite receiving and opening multiple emails sent to them by Oppenheimer's Counsel.

5. Oppenheimer filed his Complaint against Defendants, James Sean Griffin and Jennifer Fowlkes Griffin, ("Defendants") on September 24, 2018.

6. On September 25, 2018, I sent to both named Defendants, *via* certified mail, return receipt requested, a Notice of Lawsuit and Request to Waive Service of a Summons, together with copies of the Waiver of Service of Summons, the Complaint, and all Exhibits filed with this Court.[1] These items were sent to the home and business address of the named Defendants that I located, attached hereto as See ECF No. 7-2.

7. I allowed sufficient time for mailing from Houston to Florida, and continually checked on the status of the certified mail items. I took additional efforts to locate additional and/or alternative addresses for the Defendants without any success. As of January 9, 2019, the U.S. Postal Service tracking listed the status as "Unclaimed/Being returned to sender." See ECF No. 7-3, however, our office never received the returned waivers from or through the U.S. Postal Service.

8. After it was apparent that Defendants were not going to accept the certified mail items or sign and return the waivers of service, on January 11, 2019, I hired a private investigator to attempt to locate the Defendants and serve Summons, Complaint and other necessary documents on them.

9. Although the investigator located the address of Defendants' home and office – and made multiple attempts at service – all such attempts failed. There was a located gate blocking the entrance to the drive into a compound where the Defendants live and work, and the only way to enter the compound was to make an appointment and be "buzzed-in" the gate. Though he tried, the investigator was never able to make an appointment and so he was never able to enter

---

[1] The September 25, 2018 mailing was sent to Jennifer Fowlkes Griffin by Certified Mail, Return Receipt Requested Item 70180040000062101222. An identical mailing was sent to James Sean Griffin by Certified Mail, Return Receipt Requested Item 70180040000062101246 also on September 25, 2018.

the compound.

10. Despite multiple good-faith attempts to serve Defendants with notice of citation, Defendants continued to evade service of process.[2]

11. Therefore, on June 11, 2019, pursuant to Fed. R. Civ. P. 4(e)(1) and N.C.R. Civ. P. 4(j)(1), my paralegal, Paula Kenady-Taylor, deposited with Federal Express *via* two-day delivery, a copy of the summons and complaint with all exhibits to James Sean Griffin at 15212 State Road 52, Land O'Lakes, Florida 34638 and to Jennifer Fowlkes Griffin, 15212 State Road 52, Land O'Lakes, Florida 34638. We received the Proof of Delivery for both federal express packages, stating that delivery was accepted by "A. Amaro," a person of responsible age, on June 13, 2019. See ECF No. 11 and ECF No. 12.

12. The time allowed for Defendants to respond to the Complaint has expired.

13. Defendants have not been granted an extension of time to respond to the Complaint.

14. Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of its Answer or other response upon Plaintiff's attorney of record.

15. I am informed and do not believe that either Defendant is an infant or incompetent person.

16. Upon information and belief, the Servicemembers Civil Relief Act does not apply.

17. I submit this Declaration, including a detailed billing statement as **Exhibit A** hereto, in support of Oppenheimer Motion for Entry of Final Default Judgment for his Attorney's Fees and costs. The attached documentation itemizes Oppenheimer's attorney's fees and costs in this case.

18. I am admitted to practice in all North Carolina State Courts and all Texas State Courts, as well as the Western, Middle, and Eastern Federal Districts of North Carolina; Northern, Southern, Eastern, and Western Federal Districts of Texas; the Western District of Tennessee; the Eastern

---

[2] During this period of time, emails were sent to both defendants explaining the service problem, and attaching the service documents. A "read receipt" was received by both of the defendants for this email (attached as Exhibits 1 – 3.).

and Western Districts of Michigan; the Federal District Court of Colorado; the Eastern and Western Federal District Courts of Wisconsin; the Northern Federal District Court of Indiana; the Federal District Court of Nebraska; the Eastern and Western Federal District Courts of Arkansas; the Northern Federal District Court of Ohio; the Fifth Circuit Court of Appeals in New Orleans; and the United States Supreme Court.

19. Since becoming licensed in May, 1983, I have handled, litigated and tried many types of civil cases, including business litigation (breach of contract, partnership liability, shareholder actions, and claims involving non-competition, antitrust and unfair competition), labor and employment (wrongful termination, age, race and sex discrimination, sexual harassment including hostile work environment and/or *quid pro quo* retaliatory discharge, labor code including FLSA, and whistle-blower cases), cases involving consumer law and deceptive trade practices, and trademark and copyright infringement cases, personal injury cases including automobile collisions, product liability, nonsubscriber workplace injuries, premises liability such as inadequate security and slip/trip and falls, and professional negligence (medical, architectural, accounting and legal malpractice). I am the "recommended attorney" for the Texas Chapter of the American Society of Media Photographers, and have represented many members of that organization. I've also represented nonmember photographers, as well as illustrators, architects, design and public relations firms, and advertising agencies in copyright matters since 1983.

20. The rates charged for all time keepers in this case are standard rates charged to and paid by our clients for the services provided.

21. The primary timekeepers billing in this matter are me, as lead counsel, Scott M. Francis, a five-year associate attorney employed by me, and Paula Taylor, a paralegal in our office.

22. I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

*Further, declarant sayeth naught.*

Executed in Buncombe County, State of North Carolina on the 3rd day of October, 2019.

> <u>*/s/ Dana A. LeJune*</u>
> Dana A. LeJune